UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOPE ESCORT, on behalf of herself
and all similarly situated individuals,

    Plaintiffs,

v.                                            CASE NO.:

PRINCETON INFORMATION LTD., a Domestic
Business Corporation, CITIGROUP, INC., CITIBANK, N.A.,
CITIGROUP TECHNOLOGY, INC., a Foreign
Business Corportation,

    Defendants.                   /

## COLLECTIVE/CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, HOPE ESCORT ("Escort" or "Plaintiff"), on behalf of herself and other "Anti-Money Laundering Analyst" employees and former employees similarly situated, by and through undersigned counsel, file this Complaint against Defendants, PRINCETON INFORMATION LTD. ("Princeton"), CITIGROUP, INC. ("CITIGROUP"), CITIBANK, N.A. ("CITIBANK"), and CITIGROUP TECHNOLOGY, INC. ("CTI") (CITIGROUP, CITIBANK, and CTI collectively referred to as "CITI") (Princeton and CITI collectively "Defendants") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other similarly situated current and former "Anti-Money Laundering Analyst" employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et

seq; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

2. Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former "Anti-Money Laundering Analyst" employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

6. At all times material hereto, Plaintiff, was a resident of Kings County, New York.

7. Further at all times material hereto, Plaintiff, was an "Anti-Money Laundering Analyst" and performed related activities for Defendants in New York County, New York.

8. At all times material hereto Princeton, was and continues to be a Domestic Business Corporation, with its principle place of business located in New York, New York.

9. At all times material hereto Princeton, was and continues to be a staffing company, who hires, fires and otherwise assists in supervising employees on behalf of its commercial clients, such as CITI.

10. At all times material hereto CITIGROUP, was and continues to be a Foreign Business Corporation, with its principle place of business located in New York, New York.

11. At all times material hereto CITIGROUP, was and continues to be an international banking conglomerate focusing on both consumer and commercial banking.

12. At all times material hereto CITIBANK, was and continues to be a national association or nationally-chartered domestic bank, with its principle place of business located in New York, New York.

13. At all times material hereto CITIBANK, was and continues to be a wholly-owned subsidiary of Citigroup, Inc., primarily engaged in commercial and consumer banking and lending.

14. At all times material hereto CTI, was and continues to be a Foreign Business Corporation, with its principle place of business located in New York, New York.

15. At all times material hereto CTI, was and continues to be a wholly-owned subsidiary of Citigroup, Inc., Citibank, N.A., engaged in commercial and consumer banking and lending.

## COVERAGE

16. At all times material hereto Plaintiff was jointly employed by Defendants, within the meaning of FLSA.

17. Plaintiff was hired by Defendants to perform duties as an "Anti-Money Laundering Analyst" for CITI, at CITI's offices in New York, New York.

18. Throughout her employment, Plaintiff reported to Defendants, in her capacity as an "Anti-Money Laundering Analyst."

19. Throughout her employment, all Defendants supervised Plaintiff, assigned Plaintiff her work duties, and determined the manner and method by which she was to perform her duties.

20. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of FLSA.

21. Defendants were, and continue to be, an "employer" within the meaning of FLSA.

22. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of FLSA.

23. At all times material hereto, each of the Defendants was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

24. At all times material hereto, each of the Defendants was, and continues to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA.

25. Based upon information and belief, the annual gross revenue of Princeton was in excess of $500,000.00 per annum during the relevant time periods.

26. The annual gross revenue of CITI was in excess of $500,000.00 per annum during the relevant time periods.

27. Defendants combined annual gross revenue was in excess of $500,000 per annum during the relevant time periods.

28. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including office equipment, computers, telephones and other tools and materials necessary for the work they performed.

29. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because she handled interstate telephone calls and computer transactions on a regular and frequent basis as part of her job duties while employed by Defendants.

30. At all times hereto, Plaintiff was engaged in the "production of goods for

commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

31. Princeton is an employee staffing company and provides employees to its corporate clients in New York, New Jersey and elsewhere.

32. CTI is a wholly-owned subsidiary of CITIGROUP and CITIBANK, and provides back office and technological support to CITIGROUP and CITIBANK's various businesses.

33. Plaintiff was jointly employed by Defendants as an non-exempt "Anti-Money Laundering Analyst," at all times relevant hereto.

34. Plaintiff worked in this capacity from approximately April 2014, through January 2015.

35. Throughout her employment, Plaintiff was paid on an hourly-basis in exchange for work she performed, to the extent Defendant properly paid her for hours that she worked.

36. Plaintiff, and those similarly situated to her, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

37. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

38. Defendants have employed and is employing hundreds of other individuals as "Anti-Money Laundering Analyst" who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiff and the class members companywide.

39. Defendants have violated Title 29 U.S.C. §207 and the NYLL from May 2009 and continuing to date, in that:

a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL; and

c. Defendants have failed to maintain proper time records as mandated by the FLSA and the NYLL.

40. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## **COLLECTIVE ACTION ALLEGATIONS**

41. Plaintiff and the class members were all "Anti-Money Laundering Analysts," and performed the same or similar job duties as one another in that they provided clerical support to Defendants to support their anti-money laundering function.

42. Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate, but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

43. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "Anti-Money Laundering Analyst" are/were paid for overtime hours worked based on their uniform pay policy, applicable to all putative class members herein.

44. This policy or practice was applicable to Plaintiff and the class members.

Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All "Anti-Money Laundering Analysts" who worked for Defendants within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks**

45. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

46. Defendants were aware that Plaintiff was entitled to overtime pay for all overtime hours she worked and that there was no possible exemption applicable to her, because she was paid on an hourly rather than salary basis.

47. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

48. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

49. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

50. Defendants has failed to maintain accurate records of Plaintiff's and the class

members' work hours in accordance with the law.

## CLASS ALLEGATIONS

51.     Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

52.     Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since May, 2009, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for hours actually worked as well as overtime wages as required in violation of the New York Labor Law (the "Class").

53.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are thirty-five (35) or more members of the Class during the Class Period.

54.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

55.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

56.     This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment

of overtime to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All "Anti-Money Laundering Analysts" who worked for Defendants within the last six years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

57. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

58. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

59. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of the NYLL;

    b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NYLL;

    e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

    f. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## COUNT I
## <u>VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION</u>

60. Plaintiff realleges and reavers paragraphs 1 through 54 of the Complaint as if fully set forth herein.

61. From at least April 2014, and continuing until January 2015, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

62. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

63. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

64. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

65. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

66. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

67. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

68. Plaintiff, on behalf of herself and the members of the Class, re-alleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

69. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

70. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them proper compensation for all hours worked each workweek, as well as for overtime compensation at rates no less than one and one-half times the regular rate of pay for each house worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulation.

71. The Defendants' New York Labor Law violations have caused Plaintiff, and the members of the Class, irreparable harm for which there is no adequate remedy at law.

72. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, overtime compensation, reasonable attorneys' fees and costs and disbursements of the action pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

    a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

    b. Designation of this action as a collective action on behalf of the Collective Action

Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid wages and overtime compensation due under the FLSA and the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

g. An award of prejudgment and post judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: June 8, 2015

        Respectfully submitted,

        MORGAN & MORGAN
        600 N. Pine Island Road
        Plantation, FL 33324
        Tel: 954-WORKERS
        Fax: 954-327-3013
        E-Mail: afrisch@forthepeople.com

        _____
        ANDREW FRISCH