UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
HOPE ESCORT, ET AL.,                                   :
                                                       :
                                      Plaintiffs,      :
                                                       :
                        -v-                            :
                                                       :
PRINCETON INFORMATION LTD, ET AL., :
                                                       :
                                      Defendants.  :
                                                       :
-------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/30/2017___
```

15-CV-4487 (VSB)

**MEMORANDUM & OPINION**

Appearances:

Andrew R. Frisch
Morgan & Morgan, P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida
*Counsel for Plaintiffs*

VERNON S. BRODERICK, United States District Judge:

        Plaintiffs Hope Escort and Anthony Barratt bring this action against Defendants

Citigroup, Inc., Citibank, N.A., Citigroup Technology, Inc., Baha Industries Corp. d/b/a Open

Systems Technologies, and Princeton Information Ltd. (collectively "Defendants") on behalf of

themselves and a putative class of similarly situated employees of Defendants.  Plaintiffs allege

that Defendants failed to pay them overtime wages in violation of the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq*. (the "FLSA"), and New York Labor Law § 190 *et seq*.  The parties

reached a settlement.  Before me is Plaintiffs' unopposed motion for: (1) preliminary approval of

a class settlement agreement; (2) conditional certification of the proposed class; (3) approval of

the proposed notice of the settlement; and (4) appointment of class counsel.  For the reasons set

forth herein, Plaintiff's Motion is GRANTED as to requests (1), (2), and (4), and DENIED

without prejudice as to request (3).

I.     **Factual and Procedural Background**

Plaintiffs and members of the settlement class are current and former employees of various third-party staffing vendors who performed work on behalf of an affiliate of Defendant Citigroup Inc.  (Am. Compl. ¶¶ 47-48.)[1]  Plaintiffs and members of the settlement class worked as "Know Your Customer Analysts" between June 10, 2009 and the present.  Plaintiffs allege that Defendant Citigroup Inc. and various third-party staffing vendors violated the FLSA and wage and hour laws of New York by failing to pay them overtime wages for all hours worked in excess of 40 in all workweeks.  (*Id.* ¶ 1.)

Plaintiff Hope Escort commenced this action by filing her Complaint on June 10, 2015.  (Doc. 1.)  Plaintiff Anthony Barratt joined the action as a named plaintiff on August 5.  (Doc. 20.)  On September 14, Plaintiffs filed their Amended Complaint.  (Doc. 27.)  Between September 28 and November 10, Defendants filed their Answers.  (Docs. 31, 33, 48.)  Defendant Princeton Information Ltd. also filed Counterclaims against Plaintiff Escort alleging conversion and unjust enrichment, (Doc. 33), and Plaintiff Escort filed her Answer to the Counterclaims on December 10, (Doc. 51).

I held a status conference on December 11 at which I granted the parties' request for a 60 day stay of all proceedings to facilitate settlement negotiations.  (Doc. 52.)  On January 4, 2016, the parties met for an in-person settlement conference in Philadelphia, Pennsylvania.  (Doc. 53.)

On April 11, 2016, the parties reported that they had settled.  (Doc. 64.)  After receiving two extensions of time, (Docs. 67, 69), on June 17, Plaintiffs filed the instant motion, (Doc. 70), which is unopposed by Defendants.

---

[1] "Am. Compl." refers to the Amended Complaint, dated September 14, 2015.  (Doc. 27.)

## II.   Discussion

### A.   *Preliminary Approval of the Class Settlement*

District courts have discretion to approve proposed class action settlements.  *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995).  The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12-CV-3693, 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing.  *Silver v. 31 Great Jones Rest.*, No. 11 CV 7442 (KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013).  To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness."  *In re Traffic Exec. Ass'n-E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted).  Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Silver*, 2013 WL 208918, at *1 (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)) (internal alteration omitted).

Having reviewed Plaintiffs' submissions, including the Settlement Agreement[2] and the Declaration of Andrew Frisch, I conclude that the settlement is the result of substantial

---

[2] "Settlement Agreement" refers to the Joint Stipulation of Class and Collective Action Settlement and Release, dated June 17, 2016.  (Doc. 71-2.)

investigative efforts, (Frisch. Decl. ¶¶ 32-42;[3] Pls.' Mem. 10-12), arm's length negotiations,

(Frisch. Decl. ¶¶ 43-47; Pls.' Mem. 12), and that its terms are within the range of possible

settlement approval, (Frisch. Decl. ¶ 54).

**B.** ***Conditional Certification of the Proposed Class and Appointment of Class Counsel, Class Representatives, and Settlement Administrator***

I provisionally certify for settlement purposes the following "Settlement Class" under

Federal Rule of Civil Procedure 23(e).  The Settlement Class is defined as:

> All individuals who (i) were employed by Defendants Princeton Information Ltd., Baha Industries Corp. d/b/a Open Systems Technologies, and/or third parties RMS Computer Corporation, Sans Consulting Services, Inc., and Mitchell Martin, Inc. and (ii) provided services to Defendants Citigroup Inc., Citigroup Bank, N.A., Citigroup Technology, Inc. (collectively, "Citi"), and/or any other Citi affiliate in the position of "Know Your Customer" or "KYC" Analyst for one or more days between June 10, 2009 and the present.

(*See* Pls.' Mem. 26; Stipulation § II ¶ 8.)

To be certified under Rule 23(a), a class must meet that section's four requirements—

numerosity, commonality, typicality, and adequacy of representation—as well as one element of

Rule 23(b).  In light of the fact that the Settlement Class has forty-five members, (Frisch Decl.

¶ 58), Plaintiffs satisfy the numerosity requirement, since "numerosity is presumed at a level of

40 members."  *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  The

Settlement Class also satisfies the commonality requirement because Plaintiffs and the class

members share common issues of fact and law, including whether Defendants failed to pay them

overtime wages and whether the alleged violations were willful.  *See Silver*, 2013 WL 208918, at

*2.  In light of the fact that Plaintiffs and the class members are or were "Know Your Customer

Analysts," Plaintiffs' claims are typical of those of the Settlement Class.  With respect to

---

[3] "Frisch Decl." refers to the Declaration of Andrew Frisch in Support of Plaintiffs' Unopposed Motion for Certification of Settlement Class, dated June 17, 2016.  (Doc. 71-1.)

adequacy of the class representatives, there is nothing to suggest that Plaintiffs' interests are antagonistic to those of the other class members.  Finally, the proposed Settlement Class satisfies Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), and because class adjudication "will conserve judicial resources and is more efficient for class members," *see Silver*, 2013 WL 208918 at *2.

Federal Rule of Civil Procedure 23(g)(1)(A) requires that a district court consider the following in appointing class counsel:  "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Based upon the investigations done by Mr. Frisch in this case, (*see* Frisch Decl. ¶¶ 32-42), and his previous work as class counsel in similar cases, (*see id*. ¶¶ 8-17), I conclude that he meets the requirements of Rule 23(g).  Accordingly, I appoint Plaintiffs' counsel, Andrew R. Frisch of the law firm Morgan & Morgan, PA, as class counsel.  In addition, I appoint Simplurius as the settlement administrator.  I also appoint Hope Escort and Anthony Barratt as class representatives.

### C.  *Approval of Class Notice*

Rule 23(c)(2)(B) requires for a class such as this one certified under Rule 23(b)(3), that

the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class

judgment on members under Rule 23(c)(3).

I have reviewed the proposed notice submitted by Plaintiffs, (Doc. 71-3 Ex. B), and conclude that it constitutes the best notice practicable under the circumstances and meets the requirements of due process.  It also satisfies six of the seven elements of Rule 23(c)(2)(B).  However, the proposed notice does not contain any language indicating that a class member may enter an appearance through an attorney.  *See* Fed. R. Civ. P. 23(c)(2)(B)(iv) ("a class member may enter an appearance through an attorney if the member so desires").  Accordingly, Plaintiffs are directed to submit for approval no later than April 10, 2017 a revised proposed notice.

### D. *Fairness Hearing Schedule*

In light of the forty-five day notice and opt-in process contemplated by Plaintiffs, (*see* Doc. 71 at 15-16), and the need for Plaintiff to re-seek approval of the proposed notice, I will hold a fairness hearing on July 7, 2017, at 11:00 a.m., in courtroom 518, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.  At this hearing, I will determine:  (1) whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable, adequate, and in the best interest of the Settlement Class; (2) whether I should approve the Settlement Agreement; and (3) whether I should enter a Final Judgment of Dismissal.  To the extent Plaintiffs will seek to recover attorney's fees, Plaintiffs are directed to submit contemporaneous billing records for each attorney who worked on the case at the time they file their motion for final settlement approval, (*see* Doc. 71 at 14, 16 ¶ 4).

III.   **Conclusion**

For the foregoing reasons, Plaintiffs' Motion, (Doc. 70), is GRANTED in part and

DENIED in part.  Plaintiffs' request for a telephonic status conference, (Doc. 72), is DENIED

without prejudice to renew.  The Clerk's Office is respectfully directed to terminate Documents

70 and 72.

SO ORDERED.

Dated:      March 30, 2017
            New York, New York

Vernon S. Broderick
United States District Judge